UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

IDS Property Casualty Insurance Company, )
         Plaintiff, )
   vs. )
Frank and Bettina Gambrell, *et al.*, )
         Defendants. )

2:12-cv-01227 JWS

ORDER AND OPINION

[Re: Motion at docket 12]

## I. MOTION PRESENTED

At docket 12 defendants Frank and Bettina Gambrell ("defendants" or "Gambrells") filed a motion to dismiss the federal declaratory action filed by plaintiff IDS Property Casualty Insurance Company ("IDS" or "plaintiff") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the motion, the defendants request that the court decline to exercise its discretionary jurisdiction over the declaratory judgment action because of a parallel action pending in state court ("State Case").[1] IDS opposes the motion to dismiss at docket 14, and the Gambrells reply at docket 18. The parties request oral argument, but the court concludes that argument is not necessary.

---

[1] IDS removed the State Case to federal court (Case No. 4:12-cv-00661), but the court recently remanded it to state court.

## II. BACKGROUND

Both the federal declaratory judgment case and the State Case arise out of an automobile accident that occurred March 4, 2011, in which Frank Gambrell sustained personal injuries after another car crossed the center line and collided with the truck Gambrell was driving. The Gambrells settled with the tortfeasor's insurance carrier for the $15,000 liability limit. The Gambrells claimed that $15,000 was insufficient to fully compensate them for Frank Gambrell's injuries, and so the Gambrells also filed a claim for $100,000 under the underinsured motorist coverage through their personal auto insurance policy that they maintained with IDS. That auto insurance policy did not cover the truck Frank Gambrell was driving at the time of his accident. IDS denied coverage.

On June 8, 2012, after the parties were unable to settle the claim, IDS initiated a declaratory relief action in federal court. In the complaint, IDS asks the court to judicially determine the parties' dispute over insurance coverage. On July 25, 2012, the Gambrells initiated the State Case by filing a complaint in state court. The complaint originally alleged a breach of contract and bad faith claim against IDS.[2] On August 3, 2012, shortly after IDS declined the Gambrell's request to stipulate to a remand of the federal declaratory judgment case, the Gambrells filed an amended complaint in state court, adding Stacey Harrish as a defendant and alleging that Harrish was assigned to adjust the claim and that both IDS and Harrish owed them a duty of good faith and fair dealing, which they breached when they refused without reasonable basis to provide benefits under the policy.[3] On September 4, 2012, IDS filed a notice of removal. The parties filed competing motions related to the removed State Case: Harrish filed a motion seeking dismissal of the claims against her, and the Gambrells filed a motion asking that the case be remanded back to state court because of the lack of diversity between the parties. The court then consolidated the State Case with the declaratory

---

[2] Doc. 1-3 at p. 12 in Case No. 4:12-cv-00661.

[3] *Id.* at pp. 17-25.

judgment case. The court recently granted the motion to remand and denied Stacey Harrish's motion to dismiss as moot, and, consequently, the State Case has been severed and remanded.

### III.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. In order to survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction.[4] Where the defendant brings a facial attack on the subject matter of the district court, the court assumes the factual allegations in the plaintiff's complaint are true and draws all reasonable inferences in the plaintiff's favor.[5] The court does not, however, accept the truth of legal conclusions cast in the form of factual allegations.[6] A 12(b)(1) motion appears to be a proper method for raising the issue of abstention.[7] However, the court may rely on undisputed matters of public record[8] and can therefore look at the complaint filed in the State Case to compare the causes of action.

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration."[9] Given this permissive language, federal district courts have discretion under the Declaratory Judgment Act to determine whether to maintain jurisdiction over an action for declaratory relief.[10] The outer boundaries of the court's discretion is not clearly defined,

---

[4] *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

[5] *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

[6] *Id.*

[7] *Beres v. Village of Huntley*, 824 F.Supp. 763, 766 (N.D. Ill. 1992).

[8] *Lee v. City of Los Angeles*, 250 F.3d 668, 688-90 (9th Cir. 2001).

[9] 28 U.S.C. § 2201(a) (emphasis added).

[10] *See Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (1998) ("[T]he Declaratory Judgment Act is 'deliberately cast in terms of permissive, rather than mandatory, authority.'")

but the court may not decline jurisdiction on a whim; instead, it must make the decision in a manner that furthers the Declaratory Judgment Act's purpose of fostering judicial economy and cooperative federalism.[11]

### IV.  DISCUSSION

Courts have broad discretion to dismiss a federal declaratory judgment action when the issues can be better settled in a pending state court proceeding.[12]  In this case, there is a pending state court proceeding because the court recently remanded the State Case back to state court.  The existence of pendant state action, however, does not automatically bar request for federal declaratory relief.[13]  Instead, when determining whether to exercise discretion to dismiss the action, the court must look primarily to three factors set forth in *Brillhart v. Excess Insurance Company of America:*[14] (1) avoiding needless determination of state law issues; (2) discouraging forum shopping; and (3) avoiding duplicative litigation.[15]  While these three factors are the "philosophic touchstone" for such analysis, courts may consider a number of other factors.[16]  In the Ninth Circuit, other possibly relevant factors include whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for procedural fencing; whether the use of a

---

(quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (Reed, J., concurring))).

[11]*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

[12]*Id.*

[13]*Dizol*, 133 F.3d at 1225.

[14]316 U.S. 491 (1942):

[15]*See R.R. Street*, 656 F.3d at 975.

[16]*Dizol*, 133 F.3d at 1225; *R.R. St. & Co. Inc.*, 656 F.3d 966.

declaratory judgment action will result in entanglement between the state and federal court systems; the convenience of the parties; and the availability of other remedies.[17]

Plaintiff's briefing does not apply these factors to support its argument that abstention is not warranted. Instead, plaintiff argues that only "exceptional circumstances" justify abstention, citing to *Colorado River Water Conservation Dist. v. United States*.[18] The "exceptional circumstances" test, however, does not control because the case involves only a declaratory judgment action.[19]

**A. Avoiding needless determination of state law issues**

Under the first *Brillhart* factor, avoiding needless determination of state law issues, the court looks at whether the federal declaratory judgment action will require the court to determine unsettled issues of state law.[20] The issue in both the federal and the State Case is whether underinsured motorist coverage exists for the Gambrells' loss. Neither party indicates in their briefing whether resolution of such an insurance coverage issue will involve novel questions of state law, but, generally, an examination of the policy terms and the exclusions therein is a matter of contract interpretation and does not appear to raise any novel or unsettled issues of state law. That said, in run-of-the-mill insurance coverage cases, where the court's only basis for jurisdiction is diversity, comity concerns are "particularly weighty" because "'states ha[ve] a free hand

---

[17] *Dizol*, 133 F.3d at 1225 n.5.

[18] 424 U.S. 800 (1976).

[19] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ("Distinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exception circumstances' test . . ."); *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (noting that "exceptional circumstances" is not the standard for discretionary jurisdiction under the federal declaratory judgment act).

[20] *Nat'l Chiropractic Mut. Ins. Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d at 1227).

in regulating the dealings between insurers and their policyholders.'"[21] This appears to be of particular import when the same insurance coverage issues are simultaneously being considered in state court. Therefore, this factor weighs slightly in favor of abstention.

**B. Discouraging forum shopping**

An insurer is considered to be forum shopping if it files a federal declaratory judgment action at the same time the insurer is engaged in a state court action in the hopes that it might fare better in federal court.[22] Such forum shopping is improper if the declaratory judgment action is reactive or defensive, meaning that the insurer files in federal court after it has already been sued in state court by either the injured third party or the insured.[23] In this case, plaintiff argues that defendants are the ones engaged in forum shopping because they filed the complaint in the State Case after it initiated the declaratory judgment action in federal court, and then they joined a non-diverse defendant to prevent removal. While the court acknowledges plaintiff's argument, it could equally be argued that defendants raced to the courthouse in anticipation of a state lawsuit. Furthermore, the fact that defendants initiated the State Case a few weeks after the federal action does not require that the court retain jurisdiction.[24] The court therefore concludes that this factor is neutral in the determination.

---

[21] *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995) (quoting *SEC v. Nat'l Sec., Inc.*, 393 U.S. 453, 459 (1969)), *overruled on other grounds by Dizol*, 133 F.3d at 1227; *see also Great Am. Assurance Co. v. Discover Prop. and Cas. Ins. Co.*, 779 F. Supp. 2d 1158, 1163 (D. Mont. 2011) (noting that insurance coverage questions are strictly in the province of state law).

[22] *See Allstate Ins. Co. v. Davis*, 430 F. Supp. 2d 1112, 1120-21 (D. Hawaii 2006) (citing *Krieger*, 181 F.3d at 1119).

[23] *Id.* (citing *Nat'l Chiropractic*, 23 F. Supp. 2d at 1117-18)).

[24] *See Wilton*, 515 U.S. at 280-82 (affirming dismissal of a federal declaratory judgment action in light of a later-filed state action); *R&R Street*, 656 F.3d at 976 ("Timing is only one consideration when deciding whether to entertain a declaratory judgment action, and the *Wilton/Brillhart* factors sometimes compel a court to decline to entertain an earlier-filed action in favor of a later-filed action.").

**C. Duplicative litigation**

One of the defendants in the State Case, Stacey Harrish, prevents removal of the case to federal court. Thus, if the court retains jurisdiction, the state and federal proceedings would continue to be parallel, resulting in duplicative litigation.

Furthermore, there is a presumption that a case should be heard in state court "[i]f there are parallel state proceedings involving the *same issues and parties* pending at the time the federal declaratory action is filed."[25] The State Case involves the same parties and it involves the same issues. IDS concedes as much.[26] While the State Case was not pending at the time the declaratory judgment action was filed, as discussed above, timing is not conclusive. As the court noted in *Wilton*, the district court was within its bounds in staying a declaratory judgment action where parallel proceedings, which presented ventilation of the same state law issues, were underway in state court, even if those proceedings commenced after the filing of the declaratory judgment action.[27] Thus, a court can consider the circumstances as they exist at the time it rules on a request for abstention, and in the situation at hand, there is a parallel state proceeding in state court involving the same parties and insurance coverage issues. Such circumstances strongly weigh in favor of abstention.

**D. Other factors**

As for other factors that might weigh in the determination, this court finds that no one factor tips the scales back in favor of retaining the case. While the declaratory action will settle all aspects of the controversy and will serve a useful purpose in clarifying the legal relations at issue, the state case will serve the exact same purpose. While a Phoenix venue may be more convenient than a Tucson venue, where the State

---

[25] *Dizol*, 133 F.3d at 1225 (emphasis added).

[26] *See* Doc. 11 at p. 9

[27] *Wilton*, 515 U.S. at 289.

Case was filed and is now pending, that factor is not enough to outweigh those in favor of abstention.

### V. CONCLUSION

Based on the foregoing analysis, the defendants' Rule 12(b)(1) Motion to Dismiss at docket 12 is **GRANTED**. The court declines to exercise jurisdiction over the case, and the Clerk of Court is directed to close the case.

DATED this 27th day of December 2012

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE