# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| IDS PROPERTY CASUALTY, INSURANCE CO., | |
| Plaintiff, | 2:12-cv-1227 JWS |
| vs. | ORDER AND OPINION |
| FRANK and BETTINA GAMBRELL, | [Re: Motion at docket 26] |
| Defendants. | |

## I. MOTION PRESENTED

At docket 26, defendants Frank and Bettina Gambrell ("Gambrells") ask the court to award them attorneys' fees pursuant to Local Rule 54.2 and A.R.S. 12-341.01. Defendant IDS Property Casualty Insurance Co. ("IDS") responds at docket 28. Gambrells' reply is at docket at docket 29. Oral argument was not requested and would not aide the court.

## II. DISCUSSION

The parties are familiar with the factual and procedural background. Readers who are not familiar with that background should read the court's order at docket 25 in which this court declined to exercise jurisdiction over this declaratory judgment action.

In support of their motion, Gambrells correctly point out that A.R.S. 12-341.01 authorizes a court to award reasonable attorneys' fees to a prevailing party in a contract dispute governed by the law of Arizona, and that the statute may be applied in federal court to cases involving insurance contract disputes.  Gambrells urge the court to consider the six factors set out by the Arizona Supreme Court in *Wagenseller v. Scottsdale Memorial Hosp.*[1] when exercising its discretion here.  Although Gambrells say that *Wagenseller* set out these criteria to guide trial courts, in fact *Wagenseller* approved use of the criteria in determining whether to award fees on appeal.  The criteria approved for use in appellate practice in *Wagenseller* had been earlier established as guides for trial courts in *Associated Indemnity Corp. v. Warner.*[2]  This court, being a trial court, takes its guidance from the *Associated Indemnity* case.

The first consideration is whether the unsuccessful party's claim had merit. Gambrells say it did not, because the federal district court in Arizona has repeatedly determined not to exercise jurisdiction in cases where a non-diverse adjuster employed by an insurance company has been joined as a defendant.  Gambrells point is correct, as far as it goes, but the situation at bar is more complex.  The case at hand was filed June 8, 2012, more than a month before there was any case in state court.  Gambrells' original state court complaint was filed on July 25, 2012.  Their original complaint did not name the employee adjuster, Stacey Harrish, as a defendant.  She was added in an amended complaint filed in state court on August 3, 2012.  Thus, when IDS filed its

---

[1] 147 Ariz. 370 (1985) (superseded by statute as to other issues).

[2] 143 Ariz. 567, 569 (1985).

complaint in the case at bar, there was clearly merit in asking this court to exercise jurisdiction. Moreover, Arizona law is ambiguous on whether an employee adjuster is a proper party. In this court's view the first factor should be evaluated at the time the action was filed. The subsequent developments should be evaluated in connection with another factor. The first factor does not support an award of fees.

The second factor is whether the litigation could have been avoided or settled. In the peculiar circumstances here, both IDS and Gambrells could have avoided unnecessary litigation. Gambrells' had the first choice. They could have filed their original complaint as a counterclaim in the case at bar. On the other hand, once the adjuster had been named in state court, IDS could have agreed to dismiss the federal case in favor of litigating its claim as a counterclaim or defense in the state case. This factor does not weigh one way or the other in the circumstances of this case.

The third consideration is whether assessing fees would cause an extreme hardship. Clearly, awarding fees in the amount requested would not be an extreme hardship on IDS, which is a large insurance company. However, all that means is that this factor does not foreclose an award. It certainly is not a reason to award fees.

The next factor is whether the successful party prevailed as to all the relief sought. Gambrells contend that the only relief they sought was dismissal, and so they prevailed completely. Gambrell's characterization of the dispute is too closely cabined to capture what is really at stake–whether there was insurance coverage, a breach of an insurance contract, and bad faith by IDS. Looking at the actual scope of the parties' dispute, this fourth factor does not support an award of fees. If Gambrells eventually

prevail in state court, that court will then be able to consider whether to award fees with respect to the dispute on the merits.

The fifth criterion is whether the issues presented were novel or had been previously litigated.  Gambrells rely on the fact that the federal district court has remanded cases in which a non-diverse employee adjuster is named as a party.  The weight this factor might otherwise carry is substantially reduced, because Harrish was not named in the state court case until almost two months after IDS filed this case.  In the circumstances at bar, this consideration is better analyzed in connection with the second factor, which has already been discussed.

The sixth and last consideration is whether an award would discourage others with tenable claims.  As with the third factor, the court views this consideration as something which, if present (which it is not here), would counsel against an award, but its absence is not an affirmative reason to make an award.

### III.  CONCLUSION

For the reasons above, this court will exercise its discretion by not awarding fees to Gambrells.  The motion at docket 26 is **DENIED**.

DATED this 10th day of May 2013.

                                              /s/ JOHN W. SEDWICK
                                         UNITED STATES DISTRICT JUDGE